**E-FILED on**   9/29/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CESAR CASTILLO, | No. C-01-20765 RMW |
|     Petitioner, | ORDER DENYING MOTION TO ALTER JUDGMENT |
|     v. | |
| DEREL ADAMS, Warden, | |
|     Respondent. | |

On January 25, 2005, the court denied petitioner Cesar Castillo habeas relief. Petitioner now asks the court to alter or amend its judgment.[1] Petitioner argues that the court misstated the facts and misapplied the law.

Petitioner first argues that the court failed to cite crucial testimony by the victims in its statement of facts. This failure, according to petitioner, led the court to incorrectly analyze petitioner's claim that the trial court had a duty to *sua sponte* instruct the jury on the defense of accident. Had the court considered this testimony, according to petitioner, it would have realized that petitioner's two defenses, first, that he did not stab the victim and, second, that he did not intend to stab the victim were not inconsistent. The argument that the court's statement of the facts impacted its judgment is without merit. Although the court's statement of facts did not

---

[1] Petitioner has actually asked the court to alter or amend its judgment of February 25, 2003, but because the only judgment this court has rendered in this case was filed on January 1, 2005, the court assumes this is the judgment to which petitioner refers.

ORDER DENYING MOTION TO ALTER JUDGMENT—C-01-20765 RMW
KF/MAG

1  cite the testimony to the detail desired by petitioner, the facts recited by the court acknowledged that one of
2  the eyewitnesses, Eric D., "admitted that the events happened so quickly he could not be certain that the object
3  petitioner held was a knife and not keys or some other article." 1/25/05 Order at 3. It also explicitly
4  recognized petitioner's argument that the victim, Anthony, may have been wounded, not as a result of having
5  been intentionally stabbed by petitioner, but from having fallen down the stairs with petitioner and having been
6  accidentally hurt by the bushes or another item during his fall. *Id.* at 11.

7  The court's determination was based upon its recognition of the evidence presented at trial, including
8  the evidence petitioner contends that the court overlooked. In light of 28 U.S.C. § 2254, this court assessed
9  the state courts' legal determinations about whether substantial evidence supported a defense of accident such
10 that the trial court was obligated to sua sponte instruct the jury on the defense of accident. This court's
11 conclusion (namely that the California court's determination that substantial evidence did not support this
12 defense was not contrary to clearly established federal law) was not in error. Thus, the court declines to alter
13 its judgment on this matter.

14 Second, petitioner argues that the court erred in finding petitioner's claim that the state trial court failed
15 to instruct as to the intent element of assault to be procedurally defaulted. This court determined that the state
16 court's decision rested on state procedural grounds: namely that petitioner had failed to object to or otherwise
17 request clarification the instruction before the trial court. This court also determined that it did not have
18 jurisdiction to review a state court's misapplication of a state procedural rule. *Poland v. Stewart*, 169 F.3d
19 573, 484 (9th Cir. 1999). Petitioner now argues that the state court did not misapply a state procedural rule,
20 rather that the rule applied by the state courts *did not exist*. At base, he reasserts his argument that the state
21 court improperly applied a procedural requirement that a defendant must object to a jury instruction that is
22 otherwise legally correct before an appellate court may consider the argument, unless the substantial rights of
23 the parties were affected thereby. He asserts that the state appellate court erred in applying this procedural
24 requirement to his case because the case the state court cited as setting forth the procedural rule deals only with
25 failures to instruct on *evidentiary matters*. Petitioner's arguments in the present motion break no new ground.
26 The court has already considered them. 1/25/05 Order at 7-8. It declines to alter or amend its January 25,
27 2005 Order.

28

ORDER DENYING MOTION TO ALTER JUDGMENT—C-01-20765 RMW
KF/MAG

2

Finally, petitioner renews his argument that CALJIC 2.90 read at his trial defined a lower standard than that required by the Due Process Clause. He clarifies that his contention was not that the phases "to a moral certainty" or "depending on moral evidence" were necessary to convey the standard of proof beyond a reasonable doubt. This was not the court's interpretation of petitioner's argument. The court's decision that the state court's determination on this matter does not warrant habeas relief stands: CALJIC 2.90 as read at petitioner's trial did not violate his right to due process. This instruction has been upheld by the Ninth Circuit, which has read *Victor v. Nebraska*, 511 U.S. 1, 5 (1994), upon which petitioner continues to base his argument, as essentially sanctioning the definition of reasonable doubt adopted in CALJIC No. 2.90 in its present form. *See Drayden v. White*, 232 F.3d 704, 715 (9th Cir. 2000), *Lisenbee v. Henry*, 166 F.3d 997, 1000 (9th Cir. 1999).

For the foregoing reasons, petitioner's motion to amend the order and alter the judgment therein is denied.

DATED:     9/26/05                                                       /s/ Ronald M. Whyte
                                                                          RONALD M. WHYTE
                                                                          United States District Judge

ORDER DENYING MOTION TO ALTER JUDGMENT—C-01-20765 RMW
KF/MAG

**Notice of this document has been electronically sent to:**

**Counsel for Petitioner:**

Richard Such    jsuch@comcast.net

**Counsel for Respondent:**

Dorian Yung    dorian.jung@doj.ca.gov

Each party's counsel is responsible for ensuring that co-counsel receives a copy of this order if co-counsel has not registered for e-filing pursuant to the court's CM/ECF program.

DATED:    9/29/05                              /s/ MAG
                                        Chambers of Judge Whyte

ORDER DENYING MOTION TO ALTER JUDGMENT—C-01-20765 RMW
KF/MAG